# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER KUYKENDALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2582** |
| **MARLIN GUSMAN, SHERIFF,** **SHERIFF DEPUTIES** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the Magistrate Judge for issuance of a Report and Recommendation for determination of the date on which the plaintiff, Charles Kuykendall, placed his notice of appeal in the prison mail.[1] The directive resulted from the order issued by the United States Fifth Circuit Court of Appeals on February 9, 2007, remanding this matter to the District Court to make a determination from the prison mail logs or other evidence the date on which the plaintiff, Charles Kuykendall, placed his Notice of Appeal in the prison mail.[2]

In that order, the Fifth Circuit Court of Appeals recognized that petitioner's Notice of Appeal would be considered timely if it were filed on or before October 23, 2006.[3] Kuykendall's Notice of Appeal was file stamped by the Clerk of Court on October 26, 2006.[4] However, a prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the court. <u>Causey v. Cain</u>, 450 F.3d 601 (5th Cir. 2006).

---

[1] Rec. Doc. No. 20.

[2] Rec. Doc. No. 19.

[3] *Id*.

[4] Rec. Doc. No. 17.

In order to ascertain more precise information, the undersigned issued an order to the Warden of the Avoyelles Correctional Center ("AVC"), where Kuykendall was housed at the time of the filing of the Notice of Appeal.[5]  On March 23, 2007, the Administrative Assistant to the Warden, Debra Gauthier, presented the Court with Statements from the AVC Accounting Clerk, Renee Green, and AVC Mail Room Personnel, Debra Mitchell.[6]  Both Green and Mitchell stated that they had no records indicating that documents were received from Kuykendall for mailing on or between October 23 and 24, 2006.

The undersigned also issued an order to the plaintiff directing that he file an affidavit and any evidence of when the Notice of Appeal was submitted to the prison officials for mailing.[7]  The order was mailed by the Clerk of Court to Kuykendall at the Elayn Hunt Correctional Center ("Hunt"), which was the last address he provided.  Kuykendall has not responded to that order.  The envelope containing the order has not been returned as undeliverable.

However, a review of the record shows that other orders contemporaneously sent to Kuykendall at Hunt were returned to the Court with notations indicating that he was not housed at Hunt.[8]  A member of the Court's staff contacted officials at both Hunt and AVC by telephone on April 3, 2007, to ascertain a current address for Kuykendall.  Officials in the records room at AVC advised that Kuykendall was released to the Louisiana Department of Parole and Probation on December 23, 2006.  They had no forwarding address for him.

---

[5] Rec. Doc. No. 22; *See also*, plaintiff's address on Rec. Doc. No. 17.

[6] The Response had not been docketed at the time of this writing.

[7] Rec. Doc. No. 21.

[8] *See* Rec. Doc. Nos. 23, 24.

Accordingly, the best information available to the Court is that appearing on the Notice of Appeal itself. The plaintiff's Certificate of Service attached to the Notice of Appeal is dated by him on October 23, 2006.[9] The pleading was received by the Clerk of Court on October 26, 2006, in an envelope bearing a postage meter stamp of October 24, 2006.[10] A precise date on which the pleading was submitted to the prison officials for mailing cannot be determined.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the Court inform the United States Fifth Circuit Court of Appeals that a specific date on which Kuykendall's Notice of Appeal was submitted to the prison officials cannot be determined from the records of the Court, the records of the prison or any other available evidence and return this matter to the United States Fifth Circuit Court of Appeal for further proceedings as directed in the remand order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __10th__ day of April, 2007.

                                        **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[9] Rec. Doc. No. 17.

[10] *Id.*